**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DARTON ARCHERY LLC,<br><br>Plaintiff,<br><br>v.<br><br>BOWTECH, LLC f/k/a BOWTECH, INC., BOWTECH GP, LLC, EXCALIBUR CROSSBOW, LLC, EXCALIBUR CROSSBOW US, LLC, EXCALIBUR CROSSBOW HOLDINGS, LLC, AND EXCALIBUR CROSSBOW INVESTORS, LLC,<br><br>Defendants. | Civil Action No. ___________<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Darton Archery LLC ("Darton Archery" or "Plaintiff") files this Complaint against Defendants Bowtech, LLC f/k/a Bowtech, Inc., Bowtech GP, LLC (collectively, hereinafter "Bowtech"), Excalibur Crossbow, LLC, Excalibur Crossbow US, LLC, Excalibur Crossbow Holdings, LLC, Excalibur Crossbow Investors, LLC (collectively, hereinafter "Excalibur Crossbow," and collectively with Bowtech, hereinafter "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action regarding Defendants' infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are attached hereto as **Exhibit A**, **Exhibit B**, **Exhibit C**, and **Exhibit D**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 9,121,658 ("the '658 patent") | Compound Archery Bow With Synchronized Cams And Draw Stop |
| B. | 8,714,143 ("the '143 patent") | Compound Archery Bow |
| C. | 6,994,079 ("the '079 patent") | Compound Archery Bow |
| D. | 9,909,832 ("the '832 patent") | Dry-Fire Safety For Crossbow |

2. Darton Archery seeks injunctive relief and monetary damages.

**PARTIES**

3. Plaintiff Darton Archery LLC is a limited liability company organized under the laws of Georgia with its principal place of business located in Canton, GA.

4. Defendant Bowtech, LLC f/k/a Bowtech, Inc., is a limited liability company organized under the laws of Delaware.

5. Based upon information and belief after reviewing public information, Defendant Bowtech, LLC f/k/a Bowtech, Inc. has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

6. Defendant Bowtech, LLC f/k/a Bowtech, Inc. may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange St., Wilmington, Delaware 19801 (New Castle County).

7. Defendant Bowtech GP, LLC is a limited liability company organized under the laws of Delaware.

8. Based upon information and belief after reviewing public information, Defendant Bowtech GP, LLC has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

9. Defendant Bowtech GP, LLC may be served through its registered agent, Cogency Global Inc., at 850 New Burton Rd., Suite 201, Dover, Delaware 19904 (Kent County).

10. Defendant Excalibur Crossbow, LLC is a limited liability company organized under the laws of Delaware.

11. Based upon information and belief after reviewing public information, Defendant Excalibur Crossbow, LLC has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

12. Defendant Excalibur Crossbow, LLC may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange St., Wilmington, Delaware 19801 (New Castle County).

13. Defendant Excalibur Crossbow US, LLC is a limited liability company organized under the laws of Delaware.

14. Based upon information and belief after reviewing public information, Defendant Excalibur Crossbow US, LLC has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

15. Defendant Excalibur Crossbow US, LLC may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange St., Wilmington, Delaware 19801 (New Castle County).

16. Defendant Excalibur Crossbow Holdings, LLC is a limited liability company organized under the laws of Delaware.

17. Based upon information and belief after reviewing public information, Defendant Excalibur Crossbow Holdings, LLC has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

18. Defendant Excalibur Crossbow Holdings, LLC may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange St., Wilmington, Delaware

19801 (New Castle County).

19. Defendant Excalibur Crossbow Investors, LLC is a limited liability company organized under the laws of Delaware.

20. Based upon information and belief after reviewing public information, Defendant Excalibur Crossbow Investors, LLC has its principal place of business located at 90554 Hwy. 99N, Eugene, Oregon 97402.

21. Defendant Excalibur Crossbow Investors, LLC may be served through its registered agent, National Registered Agents, Inc., at 1209 Orange St., Wilmington, Delaware 19801 (New Castle County).

**JURISDICTION AND VENUE**

22. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

23. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

24. The Court has personal jurisdiction over each Defendant because: (i) Defendants have minimum contacts within the State of Delaware and this District; (ii) Defendants have purposefully availed themselves of the privileges of conducting business in the State of Delaware and in this District; (iii) Defendants have sought protection and benefit from the laws of the State of Delaware and are incorporated there; (iv) Defendants regularly conduct and do business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Delaware and in this District; (v) Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Delaware and in this District; and (vi) at least a portion of the infringements alleged herein occurred in the State

of Delaware and in this District.

25. Each Defendant is incorporated under the laws of Delaware, and therefore, each Defendant resides in this District.

26. This Court has personal jurisdiction over each Defendant because each resides in this District.

27. Venue is proper pursuant to 28 U.S.C. §§ 1400(b) and 1391(c) because each Defendant resides in this District.

28. Specifically, Defendants intend to and do business in Delaware, directly or through intermediaries, and offer products or services, including those accused herein of infringement, to customers and potential customers located in Delaware and this District.

29. Based upon information and belief after reviewing public information, Defendants solicit customers in the State of Delaware and in this District and have many paying customers, who are residents of the State of Delaware and this District and who purchase and use their products in the State of Delaware and in this District.

30. Defendants also commit acts of infringement in this District, including, but not limited to, the sale, offer for sale, and use of the Accused Instrumentalities identified below.

31. Based upon information and belief after reviewing public information, Bowtech sells its Bowtech-branded products in the State of Delaware and in this District through third parties, such as authorized retailers, including, but not limited to: (1) Hunters Haven, LLC, 15952 S. Dupont Hwy., Harrington, Delaware 19952; (2) Black Bear Archery, 1695 S. Dupont Hwy., St. George, Delaware 19733; and (3) Kelly's Outdoors, Inc., 29920 John J. Williams Hwy., Millsboro, Delaware 19966. *See* **Exhibit E**, at pp. 1-2.

32. Based upon information and belief after reviewing public information, Bowtech

sells its Diamond Archery branded products in the State of Delaware and in this District through third parties, such as authorized retailers, including, but not limited to: (1) Black Bear Archery – Newark, 557 Walther Rd., Newark, Delaware 19702; and (2) Cabela's #453 @ Newark, 1100 Christiana Mall, Newark, Delaware 19702. *See* **Exhibit F**, at pp. 1-2.

33. Based upon information and belief after reviewing public information, Excalibur Crossbow sells its products in the State of Delaware and in this District through third parties, such as authorized retailers, including, but not limited to: (1) Black Bear Archery – Newark, 557 Walther Rd., Newark, Delaware 19702; and (2) Kelly's Outdoors, Inc., 29920 John J. Williams Hwy., Millsboro, Delaware 19966. *See* **Exhibit G**, at pp. 1-2.

34. Pure Archery Group, known as "Bowtech" until 2020, owns and operates several leading archery brands including "Bowtech," "Diamond Archery," and "Excalibur Crossbow." **Exhibit H**.

35. In July 2022, JDH Capital Company, a private investment firm, acquired Pure Archery Group. *Id.*

## THE TECHNOLOGY

36. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

37. Darton Archery was founded by Rex F. Darlington, the inventor of the Asserted Patents.

38. Mr. Darlington helped shape the compound bow as we know it today.

39. Nearly every compound bow sold in the United States has either a part patented by Mr. Darlington or a part inspired by at least one of his patents—especially the cams.

40. For instance, the three-track binary cam system, seen with increasing popularity today, was first patented by Darton Archery back in 2003.

41. In fact, a substantial number of today's major bow manufacturers are using cams designed and developed by Mr. Darlington, making Darton Archery a true leader in the industry.

42. The company continually improves its product line by applying new innovations to its lineup of compound bows and crossbows.

43. The '658 patent resulted from Mr. Darlington's efforts to solve issues arising when a cam is rotated too far, which can result in complete let-off of the draw force on the bowstring. This technology ensures a smooth and effective draw cycle of a compound bow. The general object of the present disclosure is to provide a compound archery bow having a pulley assembly with a draw stop on a take-up cam that may be engaged against a power cable limiting rotation of the pulley at full draw, thereby preventing a cam-lock situation. *See* **Exhibit A**.

44. The '143 patent resulted from Mr. Darlington's efforts to reduce or eliminate the problem of bowstring derailing. *See* **Exhibit B**.

45. The '079 patent resulted from efforts to provide a compound archery bow having an extended useable draw length and an adjustable draw force so that two or three bows of the same model can be set up to fit a large group of individuals. *See* **Exhibit C**.

46. The '832 patent resulted from efforts to provide a crossbow having a dry-fire safety (DFS) mechanism. *See* **Exhibit D**.

## THE ACCUSED INSTRUMENTALITIES

47. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

48. Based upon public information, Bowtech owns, operates, advertises, and/or controls the websites https://bowtecharchery.com/ and https://diamondarchery.com/ through which it advertises, sells, offers to sell, provides, and/or educates customers about its archery equipment, such as compound archery bows and crossbows.

49. Bowtech has infringed one or more claims of the ’658 patent,’143 patent, and ’079 patent by making, using, selling, and offering to sell the following exemplary products under the brand name “Bowtech” (hereinafter, the “Bowtech Accused Instrumentalities”): Amplify, Carbon One, Carbon Zion, CP28, Eva Shockey Gen2, Realm, Realm SR6, Realm SS, Realm X, Reckoning, Reckoning 38, Reckoning Gen2 SD, Revolt, Revolt X, Revolt X-80, Revolt XL, Solution SD, SR350, SX80, CP30, Reckoning Gen2 36, Reckoning Gen2 39, SS34, Carbon Rose, and other substantially similar products offered by Bowtech in the past or the future. Below is an exemplary Bowtech Accused Instrumentality:




(Bowtech’s SR350 – **Exhibit I** (Bowtech 2023 Catalog))

50. Bowtech promotes and advertises that the Bowtech Accused Instrumentalities have such features, including, but not limited to, the DeadLock Cam System, Flip Disc Technology, and Rotating Mod System.

51. For example, Bowtech advertises that the SR350 is “[e]quipped with DeadLock Technologies,” which promises users “the quickest and simplest way to achieve perfect arrow flight and repeatable accuracy,” as illustrated below:




**Exhibit J.**

52. In addition, Bowtech promotes and advertises that the "SR350 comes equipped with a FlipDisc for its rotating module system," Ex. G, which allows "[you to] choose your perfect setting," as illustrated below:




Figure 2: SR350 FlipDisc & Post Settings

**Exhibit K.**

53. Bowtech has infringed one or more claims of the '658 patent,'143 patent, and '079 patent by making, using, selling, and offering to sell the following exemplary products under the brand name "Diamond Archery" (hereinafter, the "Diamond Archery Accused Instrumentalities," and collectively with the Bowtech Accused Instrumentalities, hereinafter the "Bowtech/Diamond Accused Instrumentalities"): Alter, Atomic, Carbon Knockout, Deploy SB, Edge SB1, Edge Max, Edge XT, Edge320, Infinite 305, Prism, and other substantially similar products offered by Bowtech in the past or the future. Below is an exemplary Diamond Archery Accused Instrumentality:




(Bowtech's Diamond Edge 320 - **Exhibit L** (Diamond Archery 2023 Catalog))

54. Bowtech advertises and promotes that the Diamond Edge 320 has an "[e]ffortless smooth draw from beginning to end," as illustrated below:




**Exhibit M**.

55. Based upon public information, Excalibur Crossbow owns, operates, advertises, and/or controls the website https://excaliburcrossbow.com/ through which it advertises, sells, offers to sell, provides, and/or educates customers about its archery equipment, such as crossbows.

56. Excalibur Crossbow has infringed one or more claims of the '832 patent by making, using, selling, and offering to sell the following exemplary products under the brand name "Excalibur Crossbow" (hereinafter, the "Excalibur Accused Instrumentalities"): Wolverine, Micro Extreme, TwinStrike TAC2, Micro 380, and other substantially similar products offered by Excalibur Crossbow in the past or the future. Below is an exemplary Excalibur Accused Instrumentality:



**Exhibit N**.

57. Excalibur Crossbow advertises and promotes that the Wolverine has a "CeaseFire ensures your crossbow will not fire unless an arrow is loaded, safety is off, and the trigger is pulled." *Id.*

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,121,658**

58. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

59. The USPTO duly issued the '658 patent on September 1, 2015, after full and fair examination of Application No. 14/231,872, which was filed on April 1, 2014. *See* **Ex. A** at A-1.

60. Darton Archery owns all substantial rights, interest, and title in and to the '658 patent, including the sole and exclusive right to prosecute this action and enforce the '658 patent against infringers and to collect damages for all relevant times.

61. The claims of the '658 patent are not directed to an abstract idea. Taken as a whole, the claimed inventions of the '658 patent are not limited to well-understood, routine, or

conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of compound archery bows and crossbows by preventing a cam-lock situation.

62. The written description of the ’658 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

63. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’658 patent.

64. Bowtech has directly infringed the ’658 patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering the Bowtech/Diamond Accused Instrumentalities to customers.

65. Bowtech has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the ’658 patent.

66. For example, Bowtech’s Bowtech/Diamond Accused Instrumentalities include a compound archery bow that includes: a bow handle; a limb projecting from the bow handle; and a pulley assembly coupled to the limb for rotation around an axis, and including: a bowstring cam including a bowstring track in a bowstring plane, a let-out cam carried by the bowstring cam and including a let-out track in a let-out plane spaced apart from the bowstring plane, an arcuately-shaped first take-up cam arcuately adjustably coupled to the bowstring cam and including a first take-up track in a take-up plane, and a first draw stop at one end of the first take-up cam.

Defendant’s infringement in this regard is ongoing.

67. Since at least the time of receiving this Complaint, Bowtech has also indirectly infringed the ’658 patent by inducing others to directly infringe the ’658 patent. Bowtech has induced end-users, including Bowtech’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’658 patent by providing or requiring use of the Bowtech/Diamond Accused Instrumentalities. Bowtech took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Bowtech/Diamond Accused Instrumentalities in a manner that infringes one or more claims of the ’658 patent, including, for example, claim 1 of the ’658 patent. Such steps by Bowtech included, among other things, advising or directing personnel, contractors, or end-users to make or use the Bowtech/Diamond Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Bowtech/Diamond Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Bowtech/Diamond Accused Instrumentalities in an infringing manner. Bowtech is performing these steps, which constitutes induced infringement with the knowledge of the ’658 patent and with the knowledge that the induced acts constitute infringement. Bowtech is aware that the normal and customary use of the Bowtech/Diamond Accused Instrumentalities by others would infringe the ’658 patent. Bowtech’s inducement is ongoing.

68. Bowtech has also indirectly infringed by contributing to the infringement of the ’658 patent. Bowtech has contributed to the direct infringement of the ’658 patent by its personnel, contractors, and customers. The Bowtech/Diamond Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’658 patent, including, for example,

claim 1 of the ’658 patent. The special features constitute a material part of the invention of one or more of the claims of the ’658 patent and are not staple articles of commerce suitable for substantial non-infringing use. Bowtech’s contributory infringement is ongoing.

69. Bowtech has had knowledge of the ’658 patent at least as of the date when it was notified of the filing of this action.

70. Furthermore, on information and belief, Bowtech has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff’s patent rights.

71. Bowtech’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Bowtech.

72. Bowtech’s direct and indirect infringement of the ’658 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff’s rights under the patent.

73. Plaintiff has been damaged as a result of the infringing conduct by Bowtech alleged above. Thus, Bowtech is liable to Darton Archery in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

74. Darton Archery has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Darton Archery has and will continue to suffer this harm by virtue of each Defendant’s infringement of the ’658 patent. Bowtech’s actions have interfered with and will interfere with Darton Archery’s ability to license technology. The balance of hardships favors Darton Archery’s ability to commercialize its own ideas and technology. The public interest in allowing Darton Archery to enforce its right to exclude

outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,714,143**

75. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

76. The USPTO duly issued the '143 patent on May 6, 2014, after full and fair examination of Application No. 13/281,570, which was filed on October 26, 2011. *See* **Ex. B** at B-1.

77. Darton Archery owns all substantial rights, interest, and title in and to the '143 patent, including the sole and exclusive right to prosecute this action and enforce the '143 patent against infringers and to collect damages for all relevant times.

78. The claims of the '143 patent are not directed to an abstract idea. Taken as a whole, the claimed inventions of the '143 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of compound archery bows by reducing or eliminating the problem of bowstring derailment.

79. The written description of the '143 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

80. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '143 patent.

81. Bowtech has directly infringed the '143 patent by making, having made, using,

importing, providing, supplying, distributing, selling, or offering the Bowtech/Diamond Accused Instrumentalities to customers.

82. Bowtech has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '143 patent.

83. For example, Bowtech's Bowtech/Diamond Accused Instrumentalities include a compound archery bow that includes a handle, at least one limb mounted on said handle, a pulley mounted for rotation on said limb and having a bowstring groove extending around at least a portion of a periphery of a bowstring portion of said pulley, and a bowstring having a portion lying in said groove and extending across said handle for drawing by a user, wherein a portion of said bowstring groove on said pulley has a depth at least 10% greater than a diameter of said portion of said bowstring lying in said groove, and said bowstring groove is of non-uniform depth and is greater during a first part of a power stroke. Defendant's infringement in this regard is ongoing.

84. Since at least the time of receiving this Complaint, Bowtech has also indirectly infringed the '143 patent by inducing others to directly infringe the '143 patent. Bowtech has induced end-users, including Bowtech's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '143 patent by providing or requiring use of the Bowtech/Diamond Accused Instrumentalities. Bowtech took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Bowtech/Diamond Accused Instrumentalities in a manner that infringes one or more claims of the '143 patent, including, for example, claim 1 of the '143 patent. Such steps by Bowtech included, among other things, advising or directing personnel, contractors, or end-users to make or use the Bowtech/Diamond Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Bowtech/Diamond Accused Instrumentalities in an infringing manner; or

distributing instructions that guide users to use the Bowtech/Diamond Accused Instrumentalities in an infringing manner. Bowtech is performing these steps, which constitutes induced infringement with the knowledge of the '143 patent and with the knowledge that the induced acts constitute infringement. Bowtech is aware that the normal and customary use of the Bowtech/Diamond Accused Instrumentalities by others would infringe the '143 patent. Bowtech's inducement is ongoing.

85. Bowtech has also indirectly infringed by contributing to the infringement of the '143 patent. Defendant has contributed to the direct infringement of the '143 patent by its personnel, contractors, and customers. The Bowtech/Diamond Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '143 patent, including, for example, claim 1 of the '143 patent. The special features constitute a material part of the invention of one or more of the claims of the '143 patent and are not staple articles of commerce suitable for substantial non-infringing use. Bowtech's contributory infringement is ongoing.

86. Bowtech has had knowledge of the '143 patent at least as of the date when it was notified of the filing of this action.

87. Furthermore, on information and belief, Bowtech has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

88. Bowtech's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Bowtech.

89. Bowtech's direct and indirect infringement of the '143 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under

the patent.

90. Plaintiff has been damaged as a result of the infringing conduct by Bowtech alleged above. Thus, Bowtech is liable to Darton Archery in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

91. Darton Archery has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Darton Archery has and will continue to suffer this harm by virtue of each Defendant's infringement of the '143 patent. Bowtech's actions have interfered with and will interfere with Darton Archery's ability to license technology. The balance of hardships favors Darton Archery's ability to commercialize its own ideas and technology. The public interest in allowing Darton Archery to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,994,079**

92. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

93. The USPTO duly issued the '079 patent on February 7, 2006, after full and fair examination of Application No. 10/966,167, which was filed on October 13, 2004. *See* **Ex. C** at C-1.

94. Darton Archery owns all substantial rights, interest, and title in and to the '079 patent, including the sole and exclusive right to prosecute this action and enforce the '079 patent against infringers and to collect damages for all relevant times.

95. The claims of the '079 patent are not directed to an abstract idea. Taken as a whole, the claimed inventions of the '079 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve

upon the function and operation of compound archery bows through adjustable draw length and draw weight.

96. The written description of the ’079 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

97. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’079 patent.

98. Bowtech has directly infringed the ’079 patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering the Bowtech/Diamond Accused Instrumentalities to customers.

99. Bowtech has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the ’079 patent.

100. For example, Bowtech’s Bowtech/Diamond Accused Instrumentalities include a compound archery bow that includes: a handle having at least one projecting limb, a pulley mounted for rotation around an axis on said limb, and bow cable means including a bowstring cable segment extending from a bowstring let-out groove on said pulley, a second cable segment extending from second cable let-out means on said pulley, and a third cable segment extending from a cable take-up groove on said pulley, such that draw of said bowstring cable segment away from said handle withdraws said bowstring cable segment from said let-out groove and rotates said pulley around said axis, withdraws said second cable segment from said second cable let-out means

and winds said third cable segment into said cable take-up groove, said cable take-up groove being such that draw force on said bowstring cable segment increases, as a function of bowstring cable segment draw away from said handle, to a first level and then decreases to a second level less than said first level and at which draw force remains substantially constant as a function of bowstring cable segment draw. Defendant's infringement in this regard is ongoing.

101. Since at least the time of receiving this Complaint, Bowtech has also indirectly infringed the '079 patent by inducing others to directly infringe the '079 patent. Bowtech has induced end-users, including Bowtech's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '079 patent by providing or requiring use of the Bowtech/Diamond Accused Instrumentalities. Bowtech took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Bowtech/Diamond Accused Instrumentalities in a manner that infringes one or more claims of the '079 patent, including, for example, claim 1 of the '079 patent. Such steps by Bowtech included, among other things, advising or directing personnel, contractors, or end-users to make or use the Bowtech/Diamond Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Bowtech/Diamond Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Bowtech/Diamond Accused Instrumentalities in an infringing manner. Bowtech is performing these steps, which constitutes induced infringement with the knowledge of the '079 patent and with the knowledge that the induced acts constitute infringement. Bowtech is aware that the normal and customary use of the Bowtech/Diamond Accused Instrumentalities by others would infringe the '079 patent. Bowtech's inducement is ongoing.

102. Bowtech has also indirectly infringed by contributing to the infringement of the

’079 patent. Bowtech has contributed to the direct infringement of the ’079 patent by its personnel, contractors, and customers. The Bowtech/Diamond Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’079 patent, including, for example, claim 1 of the ’079 patent. The special features constitute a material part of the invention of one or more of the claims of the ’079 patent and are not staple articles of commerce suitable for substantial non-infringing use. Bowtech’s contributory infringement is ongoing.

103. Bowtech has had knowledge of the ’079 patent at least as of the date when it was notified of the filing of this action.

104. Furthermore, on information and belief, Bowtech has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff’s patent rights.

105. Bowtech’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Bowtech.

106. Bowtech’s direct and indirect infringement of the ’079 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff’s rights under the patent.

107. Plaintiff has been damaged as a result of the infringing conduct by Bowtech alleged above. Thus, Bowtech is liable to Darton Archery in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

108. Darton Archery has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Darton Archery has and will continue to

suffer this harm by virtue of each Defendant's infringement of the '079 patent. Bowtech's actions have interfered with and will interfere with Darton Archery's ability to license technology. The balance of hardships favors Darton Archery's ability to commercialize its own ideas and technology. The public interest in allowing Darton Archery to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,909,832**

109. Darton Archery repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

110. The USPTO duly issued the '832 patent on March 6, 2018, after full and fair examination of Application No. 14/142,345, which was filed on December 27, 2013. *See* **Ex. D** at D-1.

111. Darton Archery owns all substantial rights, interest, and title in and to the '832 patent, including the sole and exclusive right to prosecute this action and enforce the '832 patent against infringers and to collect damages for all relevant times.

112. The claims of the '832 patent are not directed to an abstract idea. Taken as a whole, the claimed inventions of the '832 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of the trigger mechanism for a crossbow.

113. The written description of the '832 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

114. Plaintiff or its predecessors-in-interest have satisfied all statutory obligations

required to collect pre-filing damages for the full period allowed by law for infringement of the ’832 patent.

115. Excalibur Crossbow has directly infringed the ’832 patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering the Excalibur Accused Instrumentalities to customers.

116. Excalibur Crossbow has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the ’832 patent.

117. For example, Excalibur Crossbow’s Excalibur Accused Instrumentalities include a trigger mechanism for a crossbow, comprising: a housing having a channel for receiving an arrow; a trigger arm carried by the housing; a bowstring latch that retains a bowstring in a cocked position, and that is pivotally carried by the housing and engageable with the trigger arm; and a dry-fire safety (DFS) latch that is carried by the housing, and that engages the bowstring latch to retain the bowstring latch in the cocked position to inhibit bowstring release when the trigger arm is actuated without an arrow seated in the channel of the housing. Defendant’s infringement in this regard is ongoing.

118. Since at least the time of receiving this Complaint, Excalibur Crossbow has also indirectly infringed the ’832 patent by inducing others to directly infringe the ’832 patent. Excalibur Crossbow has induced end-users, including Excalibur Crossbow’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’832 patent by providing or requiring use of the Excalibur Accused Instrumentalities. Excalibur Crossbow took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Excalibur Accused Instrumentalities in a manner that infringes one or more claims of the ’832 patent, including, for

example, claim 1 of the ’832 patent. Such steps by Excalibur Crossbow included, among other things, advising or directing personnel, contractors, or end-users to make or use the Excalibur Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Excalibur Accused Instrumentalities in an infringing manner; or distributing instructions that guide users to use the Excalibur Accused Instrumentalities in an infringing manner. Excalibur Crossbow is performing these steps, which constitutes induced infringement with the knowledge of the ’832 patent and with the knowledge that the induced acts constitute infringement. Excalibur Crossbow is aware that the normal and customary use of the Excalibur Accused Instrumentalities by others would infringe the ’832 patent. Excalibur Crossbow’s inducement is ongoing.

119. Excalibur Crossbow has also indirectly infringed by contributing to the infringement of the ’832 patent. Defendant has contributed to the direct infringement of the ’832 patent by its personnel, contractors, and customers. The Excalibur Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’832 patent, including, for example, claim 1 of the ’832 patent. The special features constitute a material part of the invention of one or more of the claims of the ’832 patent and are not staple articles of commerce suitable for substantial non-infringing use. Excalibur Crossbow’s contributory infringement is ongoing.

120. Excalibur Crossbow has had knowledge of the ’832 patent at least as of the date when it was notified of the filing of this action.

121. Furthermore, on information and belief, Excalibur Crossbow has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff’s patent rights.

122. Excalibur Crossbow’s actions are at least objectively reckless as to the risk of

infringing a valid patent and this objective risk was either known or should have been known by Excalibur Crossbow.

123. Excalibur Crossbow's direct and indirect infringement of the '832 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

124. Plaintiff has been damaged as a result of the infringing conduct by Excalibur Crossbow alleged above. Thus, Excalibur Crossbow is liable to Darton Archery in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

125. Darton Archery has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Darton Archery has and will continue to suffer this harm by virtue of each Defendant's infringement of the '832 patent. Excalibur Crossbow's actions have interfered with and will interfere with Darton Archery's ability to license technology. The balance of hardships favors Darton Archery's ability to commercialize its own ideas and technology. The public interest in allowing Darton Archery to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**JURY DEMAND**

Darton Archery hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

Darton Archery requests that the Court find in its favor and against Defendants, and that the Court grant Darton Archery the following relief:

126. Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Defendants or all others acting in concert therewith;

127. A permanent injunction enjoining Defendants and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities.

128. Judgment that Defendants account for and pay to Darton Archery all damages to and costs incurred by Darton Archery because of Defendants' infringing activities and other conduct complained of herein;

129. Judgment that Defendants' infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

130. Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

131. That this Court declare this an exceptional case and award Darton Archery its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

132. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 6, 2023

Respectfully submitted,

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com
weinblatt@swdelaw.com

C. Matthew Rozier (CO 46854)
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339
Telephone: (470) 480-9505; -9517; -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

***Attorneys for Plaintiff DARTON ARCHERY LLC,***

**List Of Exhibits**

A. U.S. Patent No. 9,121,658
B. U.S. Patent No. 8,714,143
C. U.S. Patent No. 6,994,079

D. U.S. Patent No. 9,909,832
E. Bowtech Website | Dealer Locator
F. Diamond Archery Website | Dealer Locator
G. Excalibur Crossbow Website | Dealer Locator
H. JDH Capital Company Press Release
I. Bowtech Website | Bowtech 2023 Catalog
J. Bowtech Website | SR350 Product Page
K. Bowtech Website | SR350 Manual
L. Diamond Archery Website | Diamond Archery 2023 Catalog
M. Diamond Archery Website | Diamond Edge 320 Product Page
N. Wolverine 40th Anniversary | Excalibur Crossbow